**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**CAROL HASTINGS**                                              **PLAINTIFF**

**V.**                                             **NO. 2:11CV00220-MPM-JMV**

**WAL-MART STORES EAST, LP**                               **DEFENDANTS**

**ORDER**

Before the court is Defendant Wal-Mart Stores East, LP's motion, filed January 11, 2013, to strike/limit testimony of Plaintiff's experts [44]. Defendant brings its motion pursuant to "L.U.CIV.R. 26(2)(D)" [sic] and essentially alleges that Plaintiff's designations of her treating physicians are inadequate because they fail to include "the subject matter on which the [treating physician] is expected to present . . . and a summary of the facts and opinions to which the witness is expected to testify." Without needing to hear a response from Plaintiff, the court has determined that Defendant's motion should be, and hereby is, DENIED for the following reasons:

    a. Pursuant to L.U.CIV.R. 26(a)(3) Defendant was required to file a motion to compel disclosure pursuant to FED.R.CIV.P. 37(a) which requires at least a good faith attempt to resolve the matter and submission of a good faith certificate prior to seeking court intervention. This was not done.

    b. Pursuant to L.U.CIV.R. 26(a)(3) this issue is deemed waived because of Defendant's failure to challenge the adequacy of the expert disclosures no later than thirty days before the 12/14/12 discovery deadline.

 c.  The alternative relief sought in the motion is unnecessary, considering that the subject designations already limit the experts' testimony to their respective medical records and the facts, findings, and opinions contained therein.

 **SO ORDERED** this, the 15th day of January, 2013.

**/s/ Jane M. Virden**
**U. S. MAGISTRATE JUDGE**
